IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| William Keisling | : | Civil Action No: 1:09-CV-2181 |
| *Plaintiff* | : | |
| vs. | : | (Judge Jones) |
| | : | |
| Richard Renn, *et al.*, | : | |
| *Defendants* | : | |

**DEFENDANT L. C. HEIM, KATHERMAN, HEIM & PERRY,
RUSSELL L. WANTZ, JR. and SCHAAD DETECTIVE AGENCY, INC.'s
BRIEF IN SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT**

I.  **Procedural History**.

On November 6, 2009, William Keisling ("Keisling") filed a Complaint in this matter. On December 23, 2009, Keisling filed an Amended Complaint, to which defendants L. C. Heim, Katherman, Heim & Perry (collectively "Heim"), Russell L. Wantz, Jr., and Schaad Detective Agency, Inc. (collectively "Schaad") filed a motion to dismiss pursuant to F.R.C.P. No. 12(b)(6) on March 17, 2010.

II. **Factual Background**.

Keisling brought this action pursuant to 42 U.S.C. §1983. The summary of the factual allegations is set forth in pages 1 through 14 of Magistrate Judge Smyser's Report and Recommendation dated March 9, 2010, and is incorporated hereby by reference. The crux of the allegations concerning these moving defendants is a defamation suit filed against Keisling in 2005, by Heim on behalf of Schaad. Keisling does not aver that this defamation action was terminated in his favor.

III. **Issues**.

1. Does the amended complaint of Keisling state a cause of action against Heim or Wantz?

[Suggested answer in the negative].

III. **Argument**.

To state a claim under 42 U.S.C. §1983, a plaintiff must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3rd Cir. 2005). The requirement that a defendant act under color of state law is the *sine qua non* of a claim under §1983.

As in the case of defendant Rick Lee, Heim, as a lawyer in private practice, and Schaad, as a private detective agency, are private persons and not state

2

actors.  The question then is whether it is alleged that Heim or Schaad parcipated with state officials in an activity which is constitutionally prohibited, or conspired with state officials to violate the constitution.  Since Keisling failed to allege any facts that would hold the state actors liable, this case against the state actors should be dismissed.

Furthermore, Keisling makes only the bald, conclusory allegation that Heim, Schaad and the other defendants conspired with each other to violate his constitutional rights.  While detailed factual allegations are not required, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations *Ashcroft v. Igbal*, 129 S.Ct. 1937, 1950 (2009).  In the case *sub judice*, there are no facts alleged that plausibly suggest that Heim  or Schaad conspired with any of the other defendants to violate Keisling's constitutional rights.  Furthermore, there are no facts alleged against Heim or Schaad establishing a claim by Keisling under the First or Fourteenth Amendment to the United States Constitution.

It is not alleged that Heim or Schaad were involved in Keisling's mortgage foreclosure or custody action.  As for the defamation action against Keisling, that

3

action is ongoing and has not been terminated in Keisling's favor.

IV. **Conclusion**.

Plaintiff, in his verbose and rambling diatribe, has failed to set forth claims upon which relief can be granted against Heim and/or Schaad on any basis whatsoever. Accordingly, his Amended Complaint should be dismissed with prejudice pursuant to F.R.C.P 12(b)(6).

*s/ L. C. Heim*
L. C. Heim
Pro se and as Attorney for
Katherman, Heim & Perry
Russell L. Wantz, Jr., and
Schaad Detective Agency, Inc.
ID No. 23155
345 East Market Street
York, PA 17403
717-854-5124

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2010, I electronically filed the foregoing document with the Court's ECF system, and that the following individuals were served in the manner set forth belows:

| **Via electronic filing**: | **Via first class mail**: |
|---|---|
| Michael Flannelly, Esq. | William Keisling<br>601 Kennedy Road |
| Geri R. St. Joseph, Esq. | Airville, PA 17302 |
| Niles s. Benn, Esq. | |
| Peter M. Vaughn, Esq. | |

s/ *L. C. Heim*