UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM KEISLER, : CIVIL NO. **1:09-CV-02181**
:
    Plaintiff : (Judge Jones)
:
  v. : (Magistrate Judge Smyser)
:
RICHARD RENN, *et al.*, :
:
    Defendants :

## **MEMORANDUM AND ORDER**

This is a *pro se* case that was assigned to Judge Jones and was referred to this magistrate judge pursuant to the Case Assignment Policy of this court. The plaintiff has filed a motion in which he asks for an order of disqualification of this magistrate judge. His motion states that he "is a professional writer engaged in a series of books and articles concerning systemic and endemic judicial and political corruption in Pennsylvania, and central Pennsylvania, including the counties of Dauphin and York." (Doc. 52). He states that "Magistrate Judge J. Andrew Smyser himself is a subject of several of [his] books on judicial and political corruption, including *The Sins of Our Fathers* (excerpts attached) and *Maybe Four Steps.*" (*Id.*) He states opinions about how the undersigned judicial officer performed his responsibilities when he was an Assistant United States Attorney. He implies

that the judicial officer would not be impartial due to the plaintiff's writings.

The plaintiff's motion is untimely. It was not filed when the case was referred to this magistrate judge on November 13, 2009, but rather was filed on March 19, 2010, after this magistrate judge had performed judicial responsibilities in the case including a March 9, 2010 Report and Recommendation recommending that the motions of some defendants to dismiss the case be granted.

A recusal motion must be timely. *See* 28 U.S.C. § 144. A party may not reasonably be permitted to await a judge's ruling(s) before seeking the disqualification of the judge, particularly not when the grounds that the party would assert are known to the party at the time of case assignment.

The plaintiff bases his motion for my disqualification upon his own earlier writings. He was, accordingly, plainly aware before this judicial officer began to make decisions in this case of his basis for his belief that he had grounds for seeking disqualification. He did not act upon his belief in a timely manner. He did not act upon his belief until after this

2

judicial officer had issued a Report and Recommendation addressing motions to dismiss a number of the plaintiff's claims. The motion for disqualification will be denied on the basis that it is untimely.

If we were to decide the motion on the merits of the motion, it would be denied on the basis that it is not meritorious. The reasons for that decision are as follows.

A judge's duty to preside in a case randomly assigned to the judge pursuant to the court's case assignment policy is as strong when the judge has no legitimate reason to disqualify himself as is the judge's duty to disqualify himself when the law and the facts require disqualification. Accordingly, the judge should carefully and critically scrutinize a litigant's claim that the judge should disqualify himself.

A disqualification of a judicial officer is to be considered with reference to 28 U.S.C. § 455. The motion of the plaintiff will be considered under subsections 455(a) and (b)(1).

> Whenever a judge's impartiality "might reasonably be questioned" in a proceeding, 28 U.S.C. § 455(a) commands the judge to

disqualify himself *sua sponte* in that proceeding. For purposes of § 455(a) disqualification, it does not matter whether the district court judge actually harbors any bias against a party or the party's counsel. This is so because § 455(a) concerns not only fairness to individual litigants, but, equally important, it concerns "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." *In re School Asbestos Litigation,* 977 F.2d 764, 776 (3d Cir.1992) (citing *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 859-60, 108 S.Ct. 2194, 2202-03, 100 L.Ed.2d 855 (1988); H.R.Rep. No. 93-1453, 93d Cong., 2d Sess. 5 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6351, 6355 [hereinafter "House Report"] ). To achieve its highest function, " 'justice must satisfy the appearance of justice.' " *School Asbestos Litigation,* 977 F.2d at 782 (quoting *In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955)).

The instruction to which we adhere "is designed to promote public confidence in the impartiality of the judicial process by saying, in effect, if there is a reasonable factual basis for doubting the judge's impartiality, he should disqualify himself and let another judge preside over the case." House Report, *reprinted in* 1974 U.S.C.C.A.N. at 6351, 6355. At the same time, in assessing ... [the judge's] impartiality, [the] judge [and, of course, we as a reviewing court] must be alert to avoid the possibility that those who would question [the judge's] impartiality are in fact seeking to avoid the consequences of his expected adverse decision. Disqualification for lack of impartiality must have a *reasonable* basis.... Litigants ought not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to judges of their own choice. *Id.* As we are all too aware, the issue of disqualification "is a sensitive

4

> question of assessing all the facts and
> circumstances in order to determine whether the
> failure to disqualify was an abuse of sound
> judicial discretion." *Id.*

*Alexander v. Primerica Holdings, Inc.,* 10 F.3d 155, 162 (3d Cir. 1993). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Intern. Ltd.,* 353 F.3d 211, 220 (3d Cir. 2003). *See U.S. v. Wecht,* 484 F.3d 194, 213 (3d Cir. 2007).

The issue under subsection 455(a) is whether the impartiality of the judicial officer might reasonably be questioned. The plaintiff in the motion and supporting brief does not set forth a reasoned position that the judicial officer's impartiality might reasonably be questioned, apparently considering it to be self-evident that because the plaintiff in his writer capacity wrote negative opinions about the judge the judge's impartiality is reasonably questioned. That is not a reasonable assumption in the light of all of the facts and circumstances.

The plaintiff presents himself as an individual who is both a writer and a litigator. His amended complaint reveals that he often writes about judges and other public officials. He often in his litigator capacity seeks the recusal of judges about whom in his writer capacity he has written or about whom he plans to write. These judges then must balance the fact that the plaintiff as a writer has stated or threatened to state negative things about the judge, negative things which may give rise to an appearance that the judge would have a negative view of the plaintiff for having written negative things about the judge, against the realization that the judge's recusal in these circumstances will provide to the public and other litigants the appearance that some litigants can by their own actions create the appearance of a lack of judicial impartiality and can thereby shop for a favorable ruling or call into question the impartiality of an unfavorable ruling.

In the amended complaint, the plaintiff has stated negative things about five Judges of the Court of Common Pleas of York County, the Chief Justice and Justices of the Pennsylvania Supreme Court, other court officers and public officials and various other persons. He relates that he sought

6

recusals of some or all of those Judges in the cases in which he was a party before those Judges. He has stated negative things about United States District Court Judges. One might infer that he would seek the recusal of those Judges, either on the basis of the substance of what he has alleged or on the basis of the fact that he has said it, if a case of his were to be assigned to one of those Judges.

The negative inference that the plaintiff has drawn in his writing submitted with his motion to disqualify this magistrate judge is that as an Assistant United States Attorney I made a decision or participated in a decision concerning the investigation of a former superior.

The plaintiff's inferences and speculations about the undersigned judge in his former capacity as an Assistant United States Attorney are wrong. I was not in a decision-making capacity about the course of the investigation to which the plaintiff refers in his writings.

The United States Attorney was aware of my prior employment and did not assign me to matters that would give rise to a conflict on my part. I would have disqualified

7

myself from any matter involving the investigation of, the consideration of charges against or the prosecution of a former superior of mine in prior employment if that potential assignment had been presented to me by the United States Attorney.

I do not have a personal bias or prejudice concerning the plaintiff.

A judge's knowledge that untrue inferences have been drawn and incorrect assumptions have been made by a person who has written about matters about which the judge has personal knowledge can cause the judge to doubt the reliability of the process used by that person to draw inferences and to form opinions. A judge's negative evaluation of the process used by a *pro se* litigant to draw inferences and to formulate opinions does not equate to a bias or a prejudice. It is not unusual for *pro se* litigants to advance faulty inferences. It is not unusual for *pro se* litigants to make derogatory statements about judges. Judges do not customarily consider their impartiality to be reasonably questioned because a *pro se* litigant has made a negative statement about the judge.

8

The plaintiff does not provide a reasoned position for the assertion that his prior writings cause it to be reasonably questioned that the undersigned judge is impartial, and I am impartial in fact. If the untimely motion of the plaintiff were to be addressed on the merits, it would be denied because grounds for recusal under 28 U.S.C. § 455 are not presented.

**IT IS ORDERED** that the plaintiff's motion for my disqualification (Doc. 52) is **DENIED**.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: April 16, 2010.