IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM KEISLING, | : | |
|     Plaintiff, | : | 1:09-cv-2181 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| RICHARD RENN, *et al.*, | : | Hon. J. Andrew Smyser |
| | : | |
|     Defendants. | : | |

# MEMORANDUM

## October 12, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 92), filed on September 7, 2010, which recommends that we grant the following Motions to Dismiss: (1) the Motion to Dismiss filed by York Daily Record and Media News Group (collectively the "Media Defendants") (Doc. 21); (2) the Motion to Dismiss of Defendants Russell Wantz, the Schaad Detective Agency, Larry Heim, and Katherman, Heim and Perry (Doc. 46); (3) the Motion to Dismiss of Defendants National City Mortgage, PNC Bank and Doreen Wentz (collectively the "National City Defendants") (Doc. 50); and (4) the Motion to Dismiss of Defendants Freddie Mac, Federal Home Loan Mortgage Corporation, Urden Law Firm, Mark J. Urden,

1

Alan M. Minato and Louis A. Simoni (collectively the "Freddie Mac Defendants"). (Doc. 53).

Plaintiff filed objections to the R&R on September 21, 2010. (Doc. 54). The Media Defendants and the National City Defendants interposed briefs in opposition to the Plaintiff's Objections. (Docs.102 and 104). Accordingly, this matter is ripe for disposition. For the reasons set forth below, we shall adopt the R&R in its entirety, grant the above-referenced Motions to Dismiss and and direct the Clerk to close this case.

## I. STANDARDS OF REVIEW

### A. Review of Report and Recommendation

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and

recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. Motion to Dismiss

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting

3

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level. . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 120 S.Ct. At 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as

4

true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S.Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff William Keisling ("Plaintiff" or "Keisling") filed this civil action, *pro se*, on November 6, 2009. (Doc. 1). On December 23, 2009, Plaintiff filed an Amended Complaint. (Doc. 13).

Plaintiff, is a self-proclaimed "professional writer of books." (Doc. 13, ¶ 11). Plaintiff's works "involve vital issues of public interest, including matters of government corruption and other topics of compelling public concern." (*Id.*). Plaintiff alleges that "[f]or more than a decade [he] has been engaged in researching and documenting unaddressed allegations of systemic corruption in and around York County and its courthouse, and the methods by which this unchecked systemic

corruption has grown to threaten the safety of the children, and citizens, of York County." (Doc. 13, ¶ 12).

The remaining Defendants[1] named in the Amended Complaint are as follows: The *York Daily Record*, a newspaper; MediaNews Group ("MediaNews"), the owner of the *York Daily Record*; the Schaad Detective Agency; Russell Wantz ("Wantz"), the owner of the Schaad Detective Agency; L.C. "Larry" Heim, an attorney; Katherman, Heim and Perry, a law firm; National City Mortgage Company; Freddie Mac; Doreen Wentz, identified as an agent for National City Mortgage Company and Freddie Mac; PNC Bank; Federal Home Loan Mortgage Corp.; Mark J. Urden, an attorney; the Urden Law Firm; Louis A. Simoni, an attorney; Alan M. Minato, an attorney; and John Doe(s).

The Amended Complaint, a fairly massive pleading that spans 56 pages and contains 277 paragraphs alleges that Plaintiff has been a victim of "insider justice" and retaliation at the hands of judges and officials in York County and in the Pennsylvania appellate courts as a result of the books that he has written and Plaintiff's refusal to "play ball" with "this corrupt system." (Doc. 13, Plaintiff

---

[1] By Memorandum and Order dated May 12, 2010 (Doc. 75), we adopted Magistrate Judge Smyser's March 9, 2010 R&R (Doc. 45) and granted the motions to dismiss of Defendants York County Judicial District Court, Richard Renn, John S. Kennedy, Sheryl Ann Dorney, Maria Musti Cook, J. Robert Chuk, Ronald Castille, the Supreme Court of Pennsylvania, County of York, Pamela S. Lee and Rick Lee.

brings this lawsuit pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his rights under the First Amendment, "namely his rights to petition for a redress of grievances, and his rights to free and protected speech." (Doc. 13, ¶ 5). Defendants also allegedly violated Plaintiff's Fourteenth Amendment Rights to substantive and procedural due process.

Plaintiff alleges that there is a conspiratorial relationship amongst the Judges of the York County Court of Common Pleas, the York County Court of Common Pleas, the Administrator of the York County Court of Common Pleas, the Chief Justice of the Supreme Court of Pennsylvania, media reporters, county detectives, private detectives, attorneys, financial institutions and other persons to harm the Plaintiff and to violate his federally-protected rights. The alleged harm involves, *inter alia*, a mortgage foreclosure action against the Plaintiff, the loss of custody of his daughter, and a defamation action against him.[2]

## III. DISCUSSION

As noted above, Magistrate Judge Smyser recommends that we grant the Motions to Dismiss of all of the remaining Defendants and that this matter be closed. Plaintiff's objections to the recommendations of Magistrate Judge Smyser

---

[2] We shall not endeavor to provide an exhaustive factual summary herein, inasmuch as Magistrate Judge Smyser aptly undertook this herculean task in his R&R of March 9, 2010. (Doc. 45). Accordingly, we shall refer the parties and the reader to pages 3 to 14 of the R&R for the pertinent factual allegations in this matter and incorporate it herein by reference.

can be divided into three separate areas. First, the Plaintiff argues is that the Motions should be denied and he should be given the opportunity to engage in discovery to mete out the factual allegations contained in the Amended Complaint. Second, the Plaintiff argues that he is being treated unfairly by both Magistrate Judge Smyser and the undersigned. Third, Plaintiff makes several specific objections to the R&R, which shall be discussed *in seriatim* below.

However, prior to discussing the Plaintiff's specific objections, we shall briefly address his general objections. We recognize Plaintiff's desire to conduct discovery to mete out the factual basis of his claims, however, what Plaintiff does not recognize is that Fed. R. Civ. P. 12(b)(6) requires that the complaint must contain sufficient factual allegations to state a claim upon which relief can be granted. For the reasons stated in the R&R and those that follow, Plaintiff has not met this burden, thus, he is not entitled conduct discovery in this matter. To do so is, quite simply, to impermissibly put the proverbial cart before the horse.

Next, Plaintiff alleges that he is being treated unfairly by Magistrate Judge Smyser and by this Court. Unfortunately it seems that Plaintiff has construed decisions of this Court that do not benefit him to be part of a pattern of conspiratorial personal attacks against him. That is patent nonsense. The Court has applied the same fair judgment to this case as it does to every case, and Plaintiff's

allegation to the contrary is baseless. We do not know Plaintiff. We harbor no animus towards him, and have decided this case without favor or bias notwithstanding Plaintiff's persistent belief that any adverse judicial decision is part of a global conspiracy aimed at depriving him of his rights.

Now we shall turn to an analysis of the Plaintiff's specific objections.

### A. Motion to Dismiss of Media Defendants

Magistrate Judge Smyser recommends that this action be dismissed against the Media Defendants because neither MediaNews Group or the *York Daily Record* are state actors, and the requirement that a defendant act under color of state law is essential in order to establish a claim under 42 U.S.C. § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiff alleges in this Amended Complaint, and persists with the same argument in his objections, that the Media Defendants act under color of state law because they are published under a joint operating agreement with the United States Justice Department which operates as a waiver from the Clayton and Sherman Antitrust Acts. (A.C. ¶ 182; Doc. 96, p. 10). This misses the marke entirely. As accurately noted by Magistrate Judge Smyser, the joint operating agreement alluded to by Plaintiff refers to a joint operating agreement under the Newspaper Preservation Act, 15 U.S.C. § 1801, *et seq*. The purpose of this act is to "preserve

editorial voices in a given market and assist financially distressed newspapers," thus, "Congress encouraged the formation of [joint operating agreements] by giving them a limited exception to the antitrust laws." *Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 320 F. 3d 1081, 1086 n. 3 (10th Cir. 2003).

Despite Plaintiff's argument to the contrary, there is absolutely no authority for the position that the joint operating agreement under which the Media Defendants operate makes them state actors. In fact, there is authority to the contrary. *See America's Best Cinema Corp. v. Fort Wayne Newspapers, Inc.*, 347 F. Supp. 328, 335 (N.D. In. 1972)(concluding the actions of newspapers did not constitute state action within the meaning of 42 U.S.C. § 1983 even though newspapers were operating under a joint operating agreement under the Newspaper Preservation Act).

In sum, Plaintiff cannot state a section 1983 claim because the Media Defendants are not state actors. Accordingly, we shall overrule the Plaintiff's objection adopt the Magistrate Judge's recommendation with regards to the Media Defendants Motion to Dismiss.

    **B.**    **Motion to Dismiss of Wantz, Schaad Detective Agency, Heim and Katherman, Heim and Perry**

Magistrate Judge Smyser also recommends that the Motion to Dismiss of Defendants Wantz, Schaad Detective Agency, Heim and Katherman, Heim and Perry be granted because he concludes they are not state actors. We fully agree with Magistrate Judge Smyser.

Plaintiff alleges that these Defendants conspired to violated his constitutional rights in connection with a defamation action against him. He alleges that these individuals and entities conspired with the judicial defendants (that have already been dismissed from this action) in retaliation against Plaintiff for his writings and speech about the alleged corruption in York County. Magistrate Judge Smyser concludes that under no plausible reading of the Amended Complaint can these Defendants be found to have acted under color of state law, because they are all private entities.

Within his objections, Plaintiff argues that the following allegations establish that the moving Defendants are state actors: "Wantz is a York County, PA courthouse public security contractor who was arrested for sex offenses; and that his attorney, Larry Heim, has similarly boasted of sex offenses involving minors and other York County attorneys and has boasted that he will use his court connections to harm Plaintiff, and that the judge assigned to Messrs Wantz and Heim's 'defamation' case against Plaintiff is a biased judge whose campaign

manager was Larry Heim's law partner . . ." (Doc. 96, p. 12). Even under the broadest reading of these facts, it is evident that these Defendants are not state actors. Thus, Plaintiff simply cannot proceed with a section 1983 claim against them. Thus, we shall grant their motion and dismiss the Amended Complaint as against them.

  **C.** **Motions to Dismiss of Bank Defendants**

  Magistrate Judge Smyser recommends that the National City Defendants must be dismissed from this action pursuant to the *Rooker-Feldman* doctrine. Magistrate Judge Smyser also reasons that the National City Defendants must be dismissed from this action because they are not state actors. The Plaintiff interposes an objection to the Magistrate Judge's *Rooker-Feldman* analysis, arguing that the doctrine does not apply here.

  In our view, we do not need to reach the issue of whether *Rooker-Feldman* bars the instant action against the National City Defendants because it is evident to the Court that Plaintiff cannot maintain this section 1983 suit against them because they are not state actors, nor are they individuals. *See* 42 U.S.C. § 1983 (actions brought pursuant to this statute may only be brought against *individuals*, not entities). The same analysis applies to the Freddie Mac Defendants, none of which are individual state actors. *See Humphreys v. Nager*, 962 F. Supp. 347, 351

(E.D.N.Y. 1997)("[p]rivate parties like Freddie Mac are generally not liable to suit under § 1983 as they are not state actors."). Accordingly, these Defendants' Motions to Dismiss shall be granted.

### D. Leave to Amend

"[I]f a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

Based on all of the foregoing, and despite Plaintiff's proclamations to the contrary, we can envision no circumstances, based on the allegations set forth in the Amended Complaint, that would allow Plaintiff to state a civil rights action against any of the Defendants that are the subject of this R&R. This pleading runs directly afoul of both *Twombly* and *Iqbal*, in that Plaintiff attributes his personal legal setbacks, via both naked assertions and legal conclusions, to various non-state actors. Wishing and hoping that they were state actors, or torturing logic to deem them thus, is insufficient to save Plaintiff's claims. For the reasons set forth herein, those claims are well beyond salvaging. Accordingly, we find that leave to amend would be futile here, thus we shall not give Plaintiff leave to do so.

## IV. CONCLUSION

Accordingly, we shall adopt Magistrate Judge Smyser's R&R in its entirety.

An appropriate Order shall issue.